IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH MORRIS CREAR, #26015389, Plaintiff, | § | |
| v. | § | No. 3:26-cv-2421-X (BT) |
| JOHN WILEY PRICE, *et al.* Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiff Keith Morris Crear, a pretrial detainee in the Dallas County Jail, filed this civil action against John Wiley Price; Keefe Supply Company; and unspecified Dallas County Jail officials. Compl. (ECF No. 3). He alleges that Dallas County's sale of certain commissary food items violates the Texas Deceptive Trade Practices Act (DTPA) because detainees are not provided "any heating device to" heat the food to "eatable" temperatures and are not offered a bowl or large cup to eat the items. Compl. at 4. He seeks $15,000,000 in mental anguish damages and a mandatory injunction preventing Dallas County from selling the specified commissary items until the County brings back "hot pot[s]" and "stinger[s]" or installs a "heating element" in the jail day rooms. *Id.*

But, as explained below, Crear's complaint fails to establish this Court's subject matter jurisdiction. The Court therefore recommends that the complaint be dismissed without prejudice. These findings and conclusions provide Crear

notice of the jurisdictional deficiencies and an opportunity to object and, if possible, demonstrate that the Court has subject matter jurisdiction.

**Legal Standards**

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004) (Lynn, J.), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001) (Averitte, J.).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga*, 871 F.3d at 384 n.4; *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction sua sponte).

**Analysis**

Crear has not established that this Court has subject matter jurisdiction over his claims. Crear's complaint appears to assert a claim under the Texas Deceptive Trade Practices Act (DTPA), which is a state statute. A claim based solely on state law does not provide a basis for federal-question jurisdiction. *Roque v. Cross*, 2019 WL 2454202, at *1 (E.D. La. May 15, 2019), *rec. accepted* 2019 WL 2451626 (E.D. La. June 12, 2019); *see also Lockwood v. Milwood Behav. Hosp.*, 2026 WL 385797, at *1 (N.D. Tex. Jan. 26, 2026) (state-law claims do not support federal question jurisdiction) (Cureton, J.), *rec. accepted* 2026 WL 383632 (N.D. Tex. Feb. 11, 2026) (Pittman, J.).

In discussing whether he exhausted his administrative remedies before filing this suit, Crear states that his "only relief is by way of a 1983 to proven from [sic] further denial of my civil rights...." Compl. at 6. To the extent Crear intends to

assert a claim under 42 U.S.C. § 1983, this passing and conclusory reference to the statute, with no factual elaboration, is insufficient to establish federal question jurisdiction. *See Lyons v. Starbucks Coffee Co.*, 2020 WL 5732638, at *2 (N.D. Tex. Aug. 24, 2020) (Rutherford, J.), *rec. accepted* 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020) (Scholer, J.). Crear does not identify any constitutional or federal rights allegedly violated or allege facts showing that any defendant acted under color of state law to deprive him of such a right. His complaint therefore does not present a non-frivolous federal claim arising under federal law.

Crear also has not shown that this Court has diversity jurisdiction. An incarcerated person is presumed to be a citizen of the state of which he was a citizen before he was sent to prison. *Jalloul v. Fasaro*, 2025 WL 1240771, at *1 (N.D. Tex. Jan. 10, 2025) (Toliver, J.), *rec. accepted* 2025 WL 1239904 (N.D. Tex. Apr. 28, 2025) (Starr, J.) (collecting cases). While Crear does not affirmatively allege his citizenship, the available information indicates he was a citizen of Texas before his incarceration. He is awaiting trial in Dallas County on a criminal charge. *See* https://www.dallascounty.org/jailookup/defendant (search for #2601538; last visited July 24, 2026). Thus, Crear is presumed to be a Texas citizen. Because Crear sues Texas citizens, including Dallas County Commissioner John Wiley Price, complete diversity is lacking.

Even if Crear could establish diversity of citizenship, he has not shown that the amount-in-controversy requirement is satisfied. Crear seeks $15,000,000 in mental anguish damages, but the Prison Litigation Reform Act generally bars such

damages absent a physical injury, which Crear does not allege. *See* 42 U.S.C. § 1997(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."); *Morgan v. Kroger Co.*, 2010 WL 11618049, at *1 (N.D. Tex. Feb. 11, 2010) (Ramirez, J.) ("Claimed damages necessarily fall short of the jurisdictional amount when, disregarding any asserted defense, the face of the pleadings or the proof make it legally certain that the plaintiff cannot recover the amount claimed, or 'that the plaintiff never was entitled to recover that amount.'") (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995)).

**Recommendation**

Unless Crear can establish a basis for this Court's subject matter jurisdiction in objections to this recommendation, the District Judge should dismiss his case without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED

July 29, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).